UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-60103-BLOOM/Valle

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRANDON MEDINA,

        Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Yaseen Brandon Medina's ("Defendant") Emergency Motion for Compassionate Release from Incarceration, ECF No. [147] ("Motion"). The Government filed a Response in Opposition, ECF No. [152] ("Response"), and Defendant did not file any reply. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.   BACKGROUND**

On September 16, 2014, Defendant was found guilty by a jury of one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). ECF No. [76]. On January 30, 2015, this Court sentenced Defendant to a total term of imprisonment of 111 months, followed by a three-year term of supervised release, for all three counts. ECF No. [101]. After a partially successful appeal, Defendant's total sentence was reduced to 101 months imprisonment on February 7, 2020. ECF No. [142]. Defendant is currently

housed at Allenwood Medium FCI in White Deer, Pennsylvania, and is scheduled to be released from custody in January 24, 2022.

Defendant now files the instant Motion requesting compassionate release due to the ongoing COVID-19 pandemic, arguing that his underlying medical conditions — namely, obesity, generalized anxiety disorder, high cholesterol, and hypertension — put him at an increased risk of contracting a severe case of the virus. As such, Defendant requests that this Court modify his sentence to time served or home confinement. The Government, however, opposes the relief Defendant requests, and argues that compassionate release is inappropriate in this case because Defendant has not shown extraordinary or compelling circumstances and his criminal history and conduct while incarcerated indicate that he is still a danger to the community.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with more than 6,310,000 confirmed cases and over 189,000 reported deaths as of September 9, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Sept. 9, 2020).

("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General makes the express finding that extant emergency conditions are materially affecting BOP functioning, and directs the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'"

*United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently

been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Here, Defendant seeks relief under the compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
> > . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The

Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

As an initial matter, the Court recognizes that Defendant has exhausted his administrative remedies. In particular, Defendant submitted his request for compassionate release to the BOP, and the request was denied on July 15, 2020. *See* ECF No. [147] at 25-26. Thus, the exhaustion requirement is satisfied in this case. Nevertheless, as explained below, Defendant has failed to satisfy the other factors necessary to demonstrate that compassionate release is warranted.

With regard to the "extraordinary and compelling reasons" test, Defendant explains that he is thirty-two years old and he is particularly vulnerable to the risk of contracting COVID-19 because he suffers from obesity, generalized anxiety disorder, high cholesterol, and hypertension. In its Response, the Government argues that these conditions are being actively and effectively managed and are therefore not extraordinary or compelling for the purposes of compassionate release. CDC guidance indicates that individuals with obesity (a body mass index of 30 or higher) are at an increased risk of severe illness from COVID-19, and that individuals with hypertension or high blood pressure may be at an increased risk of severe illness from COVID-19.[2] The Court is sympathetic to Defendant's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities, and notes that his obesity is a CDC-recognized risk factor for COVID-19. However, Defendant does not allege that his health conditions are significantly deteriorating, and the Court agrees with the Government that his conditions are currently being effectively managed at Allenwood Medium FCI. This is especially so in light of the fact that there are currently zero positive COVID-19 cases among inmates at Allenwood Medium FCI.[3] Thus, the Court is unpersuaded that Defendant has presented sufficient extraordinary and compelling circumstances to warrant compassionate release.[4] As such, Defendant's Motion is denied.

---

[2] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Aug. 14, 2020).

[3] Although one inmate has historically tested positive for COVID-19 at Allenwood Medium FCI, the BOP reports that there are currently no positive inmate cases of COVID-19 at this facility. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 10, 2020).

[4] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release, the Court does not need to address the two remaining compassionate release considerations under § 3553(a) or § 3142(g).

**III.  CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [147]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 11, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Brandon L. Medina
05196-104
Allenwood Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
White Deer, PA 17887